UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
DAVID J. CALIXTO,                        )
                                           )
                         Plaintiff, )   No. C13-1153RSL
      v.                                 )
                                           )   ORDER GRANTING
JPMORGAN CHASE BANK NATIONAL            )   JPMORGAN'S MOTION TO
ASSOCIATION, *et al.*,                  )   DISMISS
                                           )
                         Defendants. )
_____)

        This matter comes before the Court on "JPMorgan Chase Bank N.A.'s Motion to Dismiss Complaint." Dkt. # 10. In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Because the loan documents, bankruptcy court records, and property records fall within one or more of these categories, the allegations of the complaint and the contents of those records will be accepted as true for purposes of this motion and construed in the light most favorable to plaintiff. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Defendant has not, however, shown that evidence and factual allegations

ORDER GRANTING JPMORGAN'S
MOTION TO DISMISS

regarding the completion date of various construction tasks are an integral part of plaintiff's complaint or are matters of public record. The Court declines to convert defendant's motion into a motion for summary judgment and has therefore not considered matters that are outside the pleadings.

The question for the Court on a motion to dismiss is whether the facts in the complaint and judicially-noticed documents sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## BACKGROUND

In November 2007, plaintiff borrowed $1,257,150 from defendant's predecessor, Washington Mutual Bank, in order to purchase property, construct a residence, and retire any existing loans. The proceeds of the loan were to be paid out in installments, but each advance was contingent on plaintiff satisfying a long list of conditions as set forth in the loan agreement. Plaintiff alleges that defendant, without reasonable explanation, "denied plaintiff[] access to the loan midway into construction." Dkt. # 1 at ¶ 2.5 and ¶ 3.1. Without the loan proceeds, plaintiff was forced to use his personal funds to complete construction, defaulted on the loan, and received a Notice of Trustee's Sale scheduled for June 21, 2013. Plaintiff asserts a breach of contract claim and requests an award of damages "if the Trustee Sale is held on June 21st 2013" and a preliminary injunction postponing the Trustee Sale "until all issues are resolved."

## DISCUSSION

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 72 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). Plaintiff's complaint does not raise a plausible inference that defendant breached the residential construction loan agreement. While it is clear that defendant agreed to advance amounts up to $1,257,150 as construction progressed, the obligation to do so was triggered only if a number of conditions precedent were satisfied. Plaintiff does not state that an advance was due under the agreement at the time his request was made, does not identify a specific provision of the contract that was breached, does not allege that the conditions precedent were satisfied, and does not allege that he had fully complied with his own obligations at the time defendant denied his request for a subsequent advance. The mere fact that defendant refused to make a subsequent advance "at some point" does not raise an inference of wrongdoing: pursuant to the terms of the agreement, a refusal would be justified under a vast array of circumstances. While it is possible that the refusal was wrongful, plaintiff certainly has not alleged facts from which his entitlement to relief could be considered plausible. His breach of contract claim is not adequately pled under Twombly.

Having failed to allege facts in support of his breach of contract claim, there is no basis for injunctive relief or an award of damages.

**CONCLUSION**

For all of the foregoing reasons, JPMorgan's motion to dismiss is GRANTED. Although all claims against JPMorgan are dismissed, this action continues as to Northwest Trustee Services, Inc. In this context, leave to amend will not be blindly granted. If plaintiff believes he can, consistent with his Rule 11 obligations, amend the complaint to remedy the pleading and legal deficiencies identified above, he may file a motion to amend and attach a proposed pleading for the Court's consideration.

DATED this 3rd day of January, 2014.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge